1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIN LAWRENCE DUCKETT,<br>CDCR # G-46279<br><br>                                        Plaintiff,<br><br>vs.<br><br>L. SCHEMEHORN; A. CHRISTIONSON;<br>W. BEAUCHEMIN; JOHN DOE 1; J.<br>ELIAS; G. PEDERSON; G. WEEKS,<br><br>                                        Defendants. | Civil No.    11cv0113 AJB (NLS)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [ECF No. 5];**<br><br>**AND**<br><br>**(2)  DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)   & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Chuckawalla Valley State Prison located in Blythe, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.   In his Complaint, Plaintiff alleges that his constitutional rights were violated when he was housed at the Richard J. Donovan Correctional Facility in 2009.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a certified copy of his inmate trust account which the Court construes as Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 5].

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 5] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,

1  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

2  are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

3  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.

4  2000) (§ 1915A).

5        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

6  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28

7  U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit

8  make and rule on its own motion to dismiss before directing that the Complaint be served by the

9  U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits,

10  but requires a district court to dismiss an in forma pauperis complaint that fails to state a

11  claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

12  § 1915A).

13        "[W]hen determining whether a complaint states a claim, a court must accept as true all

14  allegations of material fact and must construe those facts in the light most favorable to the

15  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194.

16        **A.**     **Eighth Amendment claims**

17        Plaintiff alleges that while he was "under the care of R.J. Donovan's Prison Medical

18  Staff, their inadequate if not negligent medical care caused my bladder to become 'infected.'"

19  (Compl. at 4.)   "The unnecessary and wanton infliction of pain upon incarcerated individuals

20  under color of law constitutes a violation of the Eighth Amendment."  *Toguchi v. Chung*, 391

21  F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

22  1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately

23  indifferent to a prisoner's  medical needs.  *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105

24  (1976).

25        To allege an Eighth Amendment violation, a prisoner must  "satisfy both the objective

26  and subjective components of a two-part test."  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir.

27  2002) (citation omitted).  First, he must allege that prison officials deprived him of the "minimal

28  civilized measure of life's necessities."  *Id.* (citation omitted).  Second, he must allege the prison

1   official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation

2   marks omitted).

3        A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of

4   and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe,*

5   *Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted).

6   Under this standard, the official must be alleged to "be aware of facts from which the inference

7   could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to

8   also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison

9   official] should have been aware of the risk, but was not, then the [official] has not violated the

10  Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation

11  omitted). This "subjective approach" focuses only "on what a defendant's mental attitude

12  actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical

13  condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*,

14  974 F.2d at 1059 (alteration and citation omitted).

15       Here, Plaintiff fails to name any of the prison medical staff as Defendants in this matter

16  or provide any specific factual allegations as to how their medical care was "inadequate" or

17  "negligent." (*See* Compl. at 4.) "Mere negligence in diagnosing or treating a medical condition,

18  without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at

19  1059 (alteration and citation omitted).

20       Plaintiff does allege that Defendant Chritionson "used his position to 'interfere with

21  prescribed medical treatment.'" (Compl. at 2.) There are no other factual allegations to provide

22  the Court with the facts that even inform the Court as to the nature of the "prescribed medical

23  treatment." (*Id.*) If Plaintiff is attempting to allege that there was a delay in receiving his

24  medication, there are no facts in the Complaint from which the Court can determine whether

25  he has suffered any injury as a result of the Defendants alleged delay in providing treatment.

26  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a

27  prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.")

28   Plaintiff has failed to allege any facts from which the Court could find that Defendants acted

1  with deliberate indifference to his serious medical needs.  According, Plaintiff's Eighth

2  Amendment inadequate medical care claims are dismissed for failing to state a claim upon which

3  relief may be granted.

4          **B.**     **Fourteenth Amendment Due Process Claims**

5       Plaintiff also alleges that his due process rights were violated when he was housed in

6  Admininistrative Segregation ("Ad-Seg") following a disciplinary hearing.  (*See* Compl. at 8-

7  10.)  "The requirements of procedural due process apply only to the deprivation of interests

8  encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of*

9  *Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant

10  prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427

11  U.S. 215, 223-27 (1976).   However, the Supreme Court has significantly limited the instances

12  in which due process can be invoked.  Pursuant to *Sandin v. Conner*,  515 U.S. 472, 483 (1995),

13  a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth

14  Amendment only if he alleges a change in confinement that imposes an "atypical and significant

15  hardship . . . in relation to the ordinary incidents of prison life."  *Id.* at 484 (citations omitted);

16  *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

17       In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution

18  because he has not alleged, as he must under *Sandin*, facts related to the conditions or

19  consequences of  his placement in Ad-Seg which show "the type of atypical, significant

20  deprivation [that] might conceivably create a liberty interest."  *Id.* at 486.  For example, in

21  *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff

22  possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary versus

23  discretionary nature of the segregation; (2) the restricted conditions of the prisoner's

24  confinement and whether they amounted to a "major disruption in his environment" when

25  compared to those shared by prisoners in the general population; and (3) the possibility of

26  whether the prisoner's sentence was lengthened by his restricted custody.  *Id.* at 486-87.

27       Therefore, to establish a due process violation, Plaintiff must first show the deprivation

28  imposed an atypical and significant hardship on him in relation to the ordinary incidents of

1    prison life. *Sandin*, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the

2    Court could find there were atypical and significant hardships imposed upon him as a result of

3    the Defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions"

4    of his confinement that would give rise to a liberty interest before he can claim a violation of due

5    process.  *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended*

6    *by* 135 F.3d 1318 (9th Cir. 1998).  He has not; therefore the Court finds that Plaintiff has failed

7    to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process

8    claim.  *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that

9    placing an inmate in administrative segregation for thirty days "did not present the type of

10   atypical, significant deprivation in which a state might conceivably create a liberty interest.").

11        **C.     Verbal Harassment**

12        Finally, Plaintiff alleges that Defendants have caused him "mental anguish" by verbally

13   harassing him.  (*See* Compl. at 2, 5-7.)  To the extent that Plaintiff is seeking to hold Defendants

14   liable for harassing him, he has failed to state a claim. Verbal harassment or verbal abuse by

15   prison officials generally does not constitute a violation of the Eighth Amendment.  *See Keenan*

16   *v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth

17   Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (harassment

18   in the form of vulgar language directed at an inmate is not cognizable under § 1983); *McDowell*

19   *v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable

20   under § 1983).  Thus, Plaintiff claims regarding verbal harassment are dismissed for failing to

21   state a claim upon which § 1983 relief can be granted.

22        Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim

23   upon which relief may be granted , and is therefore subject to dismissal pursuant to 28 U.S.C.

24   §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend

25   his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint

26   fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and

27   without leave to amend.

28   / / /

# III.

## CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 5] is **GRANTED**.

2.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D. CAL. CIV LR. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

1       5.     The Clerk of the Court is directed to mail a form civil rights complaint to Plaintiff.

DATED:  March 21, 2011

_____

Hon. Anthony J. Battaglia
U.S. District Judge
United States District Court