# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIN LAWRENCE DUCKETT, CDCR #G-46279, <br><br> Plaintiff, <br><br> vs. <br><br> L. SCHEMEHORN (aka L. SHAMEHORN), Correctional Officer; A. CHRITIONSON (aka A. CHRISTIANSON), Fac. 4 Sergeant; W. BEAUCHEMIN, Investigating Officer (Lieutenant); M. RUIZ, M.D., <br><br> Defendants. | Civil No. 11-0113 AJB (NLS) <br><br> **ORDER:** <br><br> **1) DISMISSING DEFENDANTS ELIAS, PEDERSON, WEEKS AND DOE** <br><br> **AND** <br><br> **2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

**I. Procedural History**

On January 19, 2011, Rubin Lawrence Duckett ("Plaintiff"), a state prisoner currently incarcerated at Chuckawalla Valley State Prison located in Blythe, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleged his Eighth and Fourteenth Amendment rights were violated by Richard J. Donovan Correctional Facility officials L. Schamehorn, A. Chritionson, W. Beauchemin, J. Elias, G. Pederson, G. Weeks and an unidentified Doe while he was housed there in 2009.

On March 21, 2011, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"), but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* March 21, 2011 Order [ECF No. 7] at 7. The Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified. *Id.* at 6. Plaintiff was specifically cautioned that any Defendant not re-named and any claim not re-alleged in his Amended Complaint would be considered waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

On May 5, 2011, after seeking and receiving clarification from the Court as to how to amend [ECF Nos. 10, 11], Plaintiff filed a First Amended Complaint which adds M. Ruiz, M.D. as a Defendant, but which omits any reference to and fails to re-allege any claim against previously named Defendants Elias, Pederson, Weeks or Doe [ECF No. 12].

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

As discussed in the Court's March 21, 2011 Order, because Plaintiff is proceeding IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must now review his Amended Complaint sua sponte before service, and dismiss the entire action, or any part of his Amended Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service

of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court finds that Plaintiff's Amended Complaint is now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, the Court will direct U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

**III.   CONCLUSION AND ORDER**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.   Defendants J. Elias, G. Pederson, G. Weeks and John Doe 1 are **DISMISSED** without prejudice as Defendants in this matter.

2.   The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [ECF No. 12] upon Defendants L. Shemehorn, (aka L. Shamehorn), A. Chritionson (aka A.

1  Christianson), W. Beauchemin and M. Ruiz, and shall forward it to Plaintiff along with a blank U.S.
2  Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a
3  copy of this Order, the Court's March 21, 2011 Order granting Plaintiff leave to proceed IFP [ECF No.
4  7], and copies of his First Amended Complaint and the summons for purposes of serving each
5  Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as
6  completely and accurately as possible, and to return them to the U.S. Marshal according to the
7  instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the U.S.
8  Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as
9  directed by Plaintiff on each Form 285.  All costs of service shall be advanced by the United States.  *See*
10 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

11       3.      Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended Complaint
12 within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42
13 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to
14 any action brought by a prisoner confined in any jail, prison, or other correctional facility under section
15 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and
16 § 1915A(b), and thus, has made a preliminary
17 determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to
18 prevail on the merits," Defendants are required to respond).

19       4.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon
20 Defendants' counsel, a copy of every further pleading or other document submitted for consideration
21 of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a
22 certificate stating the manner in which a true and correct copy of any document was served on
23 Defendants, or counsel for Defendants, and the date of service.  Any paper received by the Court which
24 has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.
25
26
27 DATED: August 24, 2011

28                                                                 Hon. Anthony J. Battaglia
                                                                   U.S. District Judge

K:\COMMON\BATTAGLI\DJ CASES\2 Orders to be filed\11cv0113-dsm-defs&serve-FAC.wpd  4                                    11cv0113 AJB (NLS)