UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIN LAWRENCE DUCKETT,<br><br>              Plaintiff,<br>v.<br><br>M. RUIZ; L. SCHEMEHORN; A. CHRITIONSON; W. BEAUCHEMIN,<br><br>              Defendants. | Civil No. 11-cv-0113 AJB (NLS)<br><br>**ORDER (1) GRANTING MOTIONS TO DISMISS, (2) DENYING MOTION FOR CONTINUANCE, AND (3) DENYING AS MOOT MOTION FOR LEAVE TO AMEND**<br><br>[Doc. Nos. 33, 34, 47, 49] |

Presently before the Court are Defendants' two motions to dismiss (Doc. Nos. 33, 34), Plaintiff's motion for a sixty-day continuance (Doc. No. 47), and Plaintiff's motion for leave to amend the Complaint (Doc. No. 49).[1] For the reasons set forth below, the Court **GRANTS** both motions to dismiss with leave to amend, **DENIES** the motion for a continuance, and **DENIES AS MOOT** the motion for leave to amend.

**Background**

On January 19, 2011, Plaintiff, a state prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On January 19, 2011, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1914(a). (Doc. No. 2.) On March 21, 2011, the Court granted

---

[1] The Court is construing Plaintiff's filing in Docket Number 49—which is titled "3rd Amended Complaint Objections Or The Alternative Leave To Amend"—as a motion for leave to amend the Complaint.

Plaintiff's IFP motion and sua sponte dismissed Plaintiff's Complaint with leave to amend for failure to state a claim. (Doc. No. 7.) On May 5, 2011, Plaintiff filed a First Amended Complaint (Doc. No.12), and on December 9, 2011, he filed a Second Amended Complaint ("SAC"). (Doc. No. 32.) In the SAC, Plaintiff alleges that Defendants violated his Eighth Amendment rights when Plaintiff allegedly did not receive proper medical care relating to the surgical removal of a "suprapubic tube." (Doc. No. 32 at 6.) Plaintiff asks for relief in the form of (1) "[a]n injunction preventing defendants as well as other prison officials from abusing the federally protected rights of inmates in the future"; (2) an injunction preventing "retaliation by prison officials"; (3) general damages in the sum of $250,000; (4) punitive damages in the sum of $500,000; and (5) special damages in the sum of $250,000. (*Id*. at 46.) On January 20, 2012, Defendants L. Schemehorn, A. Chritionson, and W. Beauchemin filed a motion to dismiss for failure to state a claim. (Doc. No. 33.) On the same day, Defendant M. Ruiz filed a separate motion to dismiss for failure to state a claim. (Doc. No. 34.) Plaintiff failed to file an opposition to either motion with the Court, but he apparently served an opposition on Defendant Ruiz, which Ruiz attached to his reply filed on March 20, 2012. (Doc. No. 40.) On March 21, 2012, Defendants Schemehorn, Chritionson, and Beauchemin filed their reply (Doc. No. 41), and to the Court's knowledge, Plaintiff has not opposed their motion to dismiss.

**Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

1   for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at
2   556).

## Discussion

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Touguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A prison official's deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To establish an Eighth Amendment violation, a prisoner must satisfy both the objective and subjective components of a two-part test." *Touguchi*, 391 F.3d at 1057 (quoting *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)) (internal quotation marks omitted). First, it must be shown "that the prison official deprived the prisoner of the minimal civilized measure of life's necessities." *Id*. Second, the prisoner must show that "the prison official acted with deliberate indifference in doing so." *Id*. A prison official acts with deliberate indifference only when the prison official "knows of and disregards an excessive risk to inmate health and safety." *Id*. (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002)). Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "This subjective approach focuses only on what a defendant's mental attitude actually was." *Touguchi*, 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 839 (1979)) (internal quotation marks omitted). An accident is not on that basis alone to be characterized as wanton infliction of unnecessary pain. *Estelle*, 429 U.S. at 104.

Similarly, in the medical context, an inadvertent failure to provide medical care does not constitute an unnecessary and wanton infliction of pain. *Id*. at 105-106. "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the eighth amendment." *Id*. at 106. Medical malpractice is not a constitutional violation simply because the victim is a prisoner. *Id*. at 106.

//
//

## I.     *Count I*

In count one of the SAC, Plaintiff alleges that by not removing his suprapubic catheter sooner, Defendant Ruiz acted with deliberate indifference to Plaintiff's serious medical needs. (Doc. No. 32 at 6.) Plaintiff alleges that because of Defendant's actions he developed an infection. (*Id.*) In his motion, Defendant Ruiz argues that although Plaintiff's Complaint is "styled as a section 1983 claim, the allegations against her sound in professional negligence." (Doc. No. 34 at 11.) Defendant also argues that assuming Plaintiff "did not receive the exact treatment he believes he should have received from Dr. Ruiz, that outcome does not amount to deliberate indifference." (*Id.* at 12.) In his opposition, Plaintiff argues that Defendant knew about his "serious medical need" to have the catheter removed but failed to take action soon enough, resulting in an infection. (Doc. No. 40 at 5.) The Court does not find Plaintiff's argument persuasive. Plaintiff fails to provide facts that demonstrate that Ruiz acted with *deliberate* indifference. At most Plaintiff's claims against Defendant are that of negligence or medical malpractice. As discussed above, a claim of medical malpractice is not enough to state a valid claim of medical mistreatment under the eighth amendment. *Estelle*, 429 U.S. at 106. Accordingly, the Court finds that Plaintiff fails to state a claim against Defendant Ruiz.[2]

## II.     *Count Two*

In count two of the SAC, Plaintiff alleges that when he returned from surgery he was placed in a prison cell that was "a hazard to his health and safety." (Doc. No. 32 at 13.) Plaintiff alleges that he informed Defendant Schemehorn of his concerns, but Schamehorn refused to allow him to change prison cells. (*Id.*) Plaintiff claims that Defendant's refusal constituted a deliberate indifference to his serious medical needs. (*Id.*) Defendant argues that Plaintiff gives no facts "to show that Defendant Schamehorn denied Plaintiff any medical care for a serious medical need." (Doc. No. 33-1 at 5.)

---

[2] Defendant Ruiz requests judicial notice of Plaintiff's SAC (Doc. No. 34-3, Exhs. 1) and the Medical Board of California Physician and Surgeon License for Ruiz (Doc. No. 34-3, Exhs. 2). Pursuant to Rule 201, a court may take judicial notice of adjudicative facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Moreover, a district court may consider matters subject to judicial notice in ruling on a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2). The Court finds that these documents are judicially noticeable and grants Defendant's request.

Defendant also argues that Plaintiff fails to give any facts "that could support any inference that Defendant Schamehorn acted with deliberate indifference to Plaintiff's medical needs." (*Id.*)

The Court agrees. Plaintiff fails to provide facts that Schamehorn acted with *deliberate* indifference. Plaintiff also fails to explain what serious medical need was shown indifference by Schamehorn. Further, no facts in the SAC allege that Plaintiff suffered any injury as a result of Schamehorn's refusal to allow Plaintiff to change cells. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (stating that a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful"). Plaintiff has failed to allege any facts from which the Court could find that Defendant Schemehorn acted with deliberate indifference to his serious medical needs. Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.

### III.    *Count Three*

In count three of the SAC, Plaintiff alleges that Defendant Chritionson placed him in administrative segregation, which prevented Plaintiff from receiving "his twice daily dressing changes and his postsurgical medications." (Doc. No. 32 at 25.) Plaintiff alleges that Defendant Chritionson's actions constituted deliberate indifference to his serious medical needs. (*Id.*) Here, once again, Plaintiff fails to provide facts that Defendant acted with *deliberate* indifference when he placed Plaintiff in administrative segregation. Further, there are no facts in the SAC alleging that Plaintiff suffered any injury as a result of his placement in administrative segregation. Plaintiff has failed to allege any facts from which the Court could find that Defendant Chritionson acted with deliberate indifference to his serious medical needs. Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.

### IV.    *Count Four*

In what the Court is construing as count four of the SAC, Plaintiff alleges he submitted a "602 appeal form" on staff misconduct that Defendant Beauchemin reviewed and denied. (Doc. No. 32 at 31.) Plaintiff alleges that Defendant Beauchemin suppressed "any facts, events, and circumstances relevant to the appeal issue under investigation." (*Id.*) In the SAC, Plaintiff fails to explain what rights were violated by Defendant Beauchemin and how those rights were violated. Plaintiff simply comes to a

1 vague conclusion that Defendant suppressed facts relevant to his appeal. Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.

### Conclusion

For the reasons set forth above, the Court finds that Plaintiff's SAC fails to state a claim upon which relief can be granted.[3] The Court therefore **GRANTS** both of Defendants' motions to dismiss *without prejudice*. (Doc. Nos. 33, 34.) Plaintiff has thirty (30) days from the date of this Order to submit an amended Complaint correcting the deficiencies noted herein. Failure to do so will result in the Court's dismissal of this case.

Plaintiff recently filed two new documents with the Court. The first is a motion for a sixty-day continuance. (Doc. No. 47.) Plaintiff has not demonstrated good cause for the continuance; further, the motion is vague and unclear. It suggests that the continuance will "allow the court to appoint an attorney," but Magistrate Judge Stormes has since denied Plaintiff's motion to appoint counsel (Doc. No. 50), so that is no longer an issue. The Court therefore **DENIES** Plaintiff's motion for a continuance. The Court construes the second document as a motion for leave to amend the Complaint. (Doc. No. 49.) As noted above, the Court is permitting Plaintiff to amend his Complaint. Accordingly, the motion for leave to amend is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED:  June 29, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[3] The Court notes that Defendants make an additional argument regarding qualified immunity. However, because the above grounds are determinative, the Court does not reach a finding on the qualified immunity issue.